UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT JOHNSON, | No. 2:14-cv-00115-KJM-EFB |
| Plaintiff, | |
| v. | ORDER |
| NYACO, LLC; NYACO, INC., | |
| Defendants. | |

This matter is before the court on the motion by plaintiff Scott Johnson for leave to file a first amended complaint. Mot., ECF No. 16. Defendants have opposed the motion and requested judicial notice. ECF Nos. 22, 23. This matter is decided on the papers, and for the following reasons the court GRANTS plaintiff's motion and DENIES defendants' request for judicial notice.

I. PROCEDURAL BACKGROUND

Plaintiff's original complaint, filed January 16, 2014, alleges violations of the (1) Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. § 12101, *et seq*.; (2) Unruh Civil Rights Act, Cal. Civ. Code §§ 51-53; (3) California Disabled Persons Act, *id*. §§ 54-54.8; and (4) a claim for negligence. Compl., ECF No. 1. at 4–7. Plaintiff seeks injunctive relief, actual and statutory damages, and attorneys' fees and costs of suit. *Id*. at 7–8. Defendants filed their answer on April 11, 2014. ECF No. 4. The court held a scheduling conference on June 12, 2014,

with both parties appearing (ECF No. 10) and issued a scheduling order on June 27, 2014 (ECF No. 12). The scheduling order states that no amendment to the pleadings will be permitted without leave of court. ECF No. 12 at 2. In compliance with that order, plaintiff filed the instant motion, seeking to add a claim for retaliation under the ADA. ECF No. 16. Defendants oppose (ECF No. 23) and plaintiff has replied (ECF No. 28).

On March 27, 2015, defendants filed a motion for summary judgment and request for sanctions. ECF No. 33. Because the court now grants plaintiff leave to amend the operative complaint, the motion for summary judgment is DENIED as moot, without prejudice.

II.     FACTUAL ALLEGATIONS

Plaintiff is a level C-5 quadriplegic with significant manual dexterity impairments. Compl. ¶ 1. He uses a wheelchair and a specially equipped van for transportation. *Id*. Defendants own the Donner Summit Beacon[1] gas station and store, located on Donner Pass Road in Soda Springs, California. *Id*. ¶ 2.

Plaintiff has alleged defendants' facilities, including its parking spaces and bathroom, do not comply with federal and state disability laws. *See id.* ¶¶ 9–16. Plaintiff has patronized defendants' store on nine occasions in the last few years. *Id*. ¶ 15. He has "experienced difficulty and discomfort. These violations denied the plaintiff full and equal access to facilities, privileges and accommodations offered by the defendants." *Id*. ¶ 16.

On January 22, 2015, approximately one year after filing the original complaint, plaintiff again went to defendants' store and was refused service. Mot. at 4. "In fact, he was shown [an] 8.5 x 11 glossy photo mounted on the wall of [himself] and informed that this was posted so that employees would know what he looked like to ensure that he was refused service." *Id*. He alleges defendant's attorney Erica Rosasco, later confirmed in writing that this incident was "repercussions of filing suit" and that if plaintiff dismissed his lawsuit, "he might be

/////

---

[1] This name is taken from the complaint, but defendants refer to the property as "Sugar Bowl Fuel" in their opposition. ECF No. 22 at 2. According to the map provided as an exhibit to plaintiff's deposition (ECF No. 22-2 at 36), these gas stations have the same address and so the court assumes they are the same.

permitted back into the property." Proposed FAC ¶ 19, ECF No. 17. As a result of this recent incident, plaintiff seeks to amend his complaint to include ADA retaliation claims. *Id*.

III.    JUDICIAL NOTICE

Defendant asks the court to take judicial notice of (1) a Minute Order in *Byron Chapman v. Chevron Stations, Inc*. Case No. 1:09-cv-1324, Oct. 5, 2011, and (2) a list of cases filed in the Eastern District of California by plaintiff. ECF No. 23. Relevance is a threshold consideration in a court's determination of whether to take judicial notice under Federal Rule of Evidence 201. *See Silvester v. Harris*, No. 1:11-CV-2137, 2014 WL 4209563 (E.D. Cal. Aug. 25, 2014) (declining judicial notice where there "was an inadequate demonstration of how such evidence was intended to be used and/or how the evidence is relevant"; citing *Hargis v. Access Capital Funding, LLC*, 674 F.3d 783, 792–93 (8th Cir. 2012) for proposition that courts need not take judicial notice of irrelevant evidence).

Both documents covered by defendants' request are irrelevant to the matter before the court. The Minute Order, issued by another judge of this court in an unrelated case, prohibits any unnoticed site inspections of defendant's facilities by a different plaintiff. No such Minute Order was issued in this case, and the unrelated case has no bearing on plaintiff's motion.

The second document, a PACER list of cases in this district brought by plaintiff, is also irrelevant. Although plaintiff is a frequent litigant, his other cases also have no bearing on whether he is entitled to amend his complaint in this case. The court DENIES the request for judicial notice.

IV.    LEGAL STANDARD

Rule 16 applies because plaintiff seeks to amend his complaint after the court has issued its scheduling order specifying amendments to the schedule and pleadings require a showing of good cause. Rule 16(b)(4) states that a "schedule may be modified only for good cause and with the judge's consent." This good cause evaluation "is not coextensive with an inquiry into the propriety of the amendment under . . . Rule 15." *Johnson v. Mammoth Recreations, Inc*., 975 F.2d 604, 609 (9th Cir. 1992). Distinct from Rule 15(a)'s liberal amendment policy, Rule 16(b)'s good cause standard focuses primarily on the diligence of the

3

moving party, *id.*, and that party's reasons for seeking modification. *C.F. ex rel. Farnan v. Capistrano Unified Sch. Dist.*, 654 F.3d 975, 984 (9th Cir. 2011).

If good cause exists, the party next must satisfy Rule 15(a). *Cf. Johnson*, 975 F.2d at 608. Federal Rule of Civil Procedure 15(a)(2) states "[t]he court should freely give leave [to amend its pleading] when justice so requires" and the Ninth Circuit has "stressed Rule 15's policy of favoring amendments." *Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989). "In exercising its discretion [regarding granting or denying leave to amend] 'a court must be guided by the underlying purpose of Rule 15—to facilitate decision on the merits rather than on the pleadings or technicalities.'" *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (quoting *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981)). However, "the liberality in granting leave to amend is subject to several limitations. Leave need not be granted where the amendment of the complaint would cause the opposing party (1) undue prejudice, (2) is sought in bad faith, (3) constitutes an exercise in futility, or (4) creates undue delay." *Ascon Props.*, 866 F.2d at 1160 (internal citations omitted). The consideration of prejudice to the opposing party carries the greatest weight. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

V.     DISCUSSION

   A.     Rule 16

Although plaintiff does not address Rule 16 in his motion, the court must nonetheless first determine whether plaintiff meets Rule 16's good cause requirement. *See Morgal v. Maricopa Cnty. Bd. of Sup'rs*, 284 F.R.D. 452, 461 (D. Ariz. 2012) ("Only if plaintiff meets [the Rule 16 requirements], does Rule 15(a) become relevant."). Rule 16 looks to plaintiff's reasons for amendment and whether he exercised diligence in seeking amendment. As noted, plaintiff seeks to add an additional claim for retaliation under the ADA. Plaintiff could not have included a retaliation claim in his initial complaint under the new facts he now provides, because the alleged retaliatory incident happened only recently. Proposed First Amended Complaint (FAC) ¶ 19, Ex. 1, ECF No. 17. Plaintiff sought leave promptly after the incident. Discovery remains open and the dispositive motion cutoff is not until May 22, 2015.

4

Accordingly, plaintiff meets Rule 16's good cause and diligence requirements. *See AZ Holding, L.L.C. v. Frederick,* No. CV-08-0276, 2009 WL 3063314, at *3 (D. Ariz. Sept. 22, 2009) (finding plaintiff reasonably diligent when seeking leave one month after incident, while discovery was still open).

        B.      Rule 15

                a.    Undue Prejudice

"Bald assertions of prejudice cannot overcome the strong policy reflected in Rule 15(a) to 'facilitate a proper disposition on the merits." *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 959 (9th Cir. 2006) (internal citations and quotations omitted). Here, defendants argue granting plaintiff's request is unduly prejudicial "because it is designed to circumvent defendants' anticipated motion for summary judgment and all discovery must be completed by April 9, 2015." Opp'n at 11. Regarding discovery, defendants do not dispute plaintiff's factual allegations. Although some additional discovery may be warranted, it can be completed in the additional time the court will allow. Defendants will have to respond to one new claim, but it is related to plaintiff's original claims. Though defendants' pending motion for summary judgment will be denied, they chose to file that motion while this motion already was pending; the motion will be denied without prejudice. No undue prejudice exists barring allowing amendment.

                b.    Bad Faith

Bad faith exists where the proposed amendment "will not save the complaint or the plaintiff merely is seeking to prolong the litigation by adding new but baseless legal theories." *Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 881 (9th Cir. 1999). A showing of bad faith must be supported by evidence in the record "which would indicate a wrongful motive," such as an effort to destroy diversity of the parties or a "last-ditch" attempt to save a case from dismissal after a granting of a dispositive motion. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987*); Trans Video Elec. Ltd. v. Sony Elec., Inc*., 278 F.R.D. 505, 510 (N.D. Cal. 2011). Defendants argue plaintiff's request for leave to amend is made in bad faith because "it is

/////

5

1  premised upon on his violation of [Federal Rules of Civil Procedure] discovery procedures and
2  plaintiff's use of tactics designed to harass defendants into a quick settlement." Opp'n at 2.
3  Rule 34 of the federal discovery rules "permit[s] entry onto designated land or
4  other property possessed or controlled by the responding party, so that the requesting party may
5  inspect, measure, survey, photograph, test, or sample the property." Fed. R. Civ. P. 34(a)(2). The
6  rules require parties to give notice and provide the opposing party with an opportunity to object.
7  *Id*. at (b)(1), (b)(2). There is no evidence here that plaintiff went to the gas station to "inspect,
8  measure, survey, photograph, test, or sample" the defendants' property, as those words in the rule
9  are intended to be read. "The word 'inspection' has a broader meaning than just looking. The
10 dictionary [ ] defines 'inspect' as 'to examine carefully or critically, investigate and test officially
11 . . . ." *Martin v. Reynolds Metals Corp*., 297 F.2d 49, 57 (9th Cir. 1961) (considering word which
12 also appeared in then-current version of Rule 34). The gas station here is a public establishment.
13 Plaintiff stated in his original complaint he had visited several times before, and states in his
14 deposition he had specific plans to visit again. Compl. ¶ 15; Johnson Depo. at 47, ECF No. 22-2.
15 Defendants do not claim plaintiff brought any inspection materials or tools with him, or that his
16 attorney accompanied him. In sum, Rule 34 requests are required "in circumstances plainly
17 distinguished from the factual scenario present here." *Rodriguez v. Cnty. of Stanislaus*, No. 1:08-
18 CV-00856, 2010 WL 3733843, at *2 (E.D. Cal. Sept. 16, 2010). Specifically, "they are not
19 required on private property or property not open to the public," unlike the property here. *Id.*
20 Regardless, the bad faith inquiry associated with deciding the pending motion does
21 not turn on whether plaintiff was in compliance with discovery rules when he visited defendants'
22 gas station, but whether the amendment is sought in bad faith with a dilatory motive such as, for
23 example, an attempt to deprive the court of jurisdiction. *Yates v. Auto City 76*, 299 F.R.D. 611,
24 614 (N.D. Cal. 2013); *Sorosky v. Burroughs Corp*., 826 F.2d 794, 805 (9th Cir. 1987). No bad
25 faith motive in seeking amendment can be inferred here. There is no evidence before the court
26 indicating plaintiff seeks leave to prolong litigation or to save a meritless case. This factor
27 weighs in favor of amendment.
28 /////

To the extent defendants believe in good faith they can bring a separate motion for discovery sanctions before the magistrate judge, they will not be precluded from doing so. *See* Fed. R. Civ. P. 11.

### c. Futility

A claim is considered futile and leave to amend shall not be given if there is no set of facts that could be proved under the amendment to constitute a valid claim. *See Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209 (9th Cir. 1988). Defendants argue plaintiff's request should be denied as futile because his first amended complaint relies on privileged statements made by defendants' attorney confirming the defendants' gas station intends to refuse him service. Opp'n at 9.

It is a violation of the ADA to discriminate against a person because they have made a charge or participated in a proceeding under the ADA. 42 U.S.C. § 12203(a). Here, plaintiff alleges defendants refused service and prohibited plaintiff from visiting their store, an adverse action, after he filed an ADA action against them, a protected activity. He says defendants allegedly hung an 8.5 x 11" photo of plaintiff on the wall of their store and employees were instructed not to serve him. *See* Proposed FAC ¶ 19. Defendants do not deny these allegations in their opposition. Plaintiff need not rely on defendants' attorney's statements to state a colorable claim.

### d. Undue Delay

Delay is evaluated by asking "whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading." *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1388 (9th Cir. 1990). For the reasons reviewed above, this factor weighs in favor of granting amendment.

## VI. CONCLUSION

For the foregoing reasons, plaintiff's motion to file a first amended complaint (ECF No. 16) is GRANTED. The Clerk of the Court is directed to file on the docket the first amended complaint lodged as an exhibit to the motion (ECF No. 17). The pending motion for summary judgment (ECF No. 33) is DENIED AS MOOT, without prejudice. Defendants'

request for sanctions is DENIED without prejudice to refiling before the magistrate judge, if defendants are able to renew their request while fully complying with Federal Rule of Civil Procedure 11.

The schedule for this case is MODIFIED as follows: all discovery shall be completed by May 15, 2015; designations of expert witnesses are due by June 5, 2015, and any expert rebuttal due by June 19, 2015; all expert discovery shall be completed by July 17, 2015; all dispositive motions shall be heard no later than August 27, 2015; the Final Pretrial Conference is SET for October 29, 2015 at 3:30 p.m. in Courtroom 3 before the undersigned, with a joint pretrial conference statement due by October 22, 2015; the Jury Trial is continued and now SET for November 16, 2015 at 9:00 a.m. in Courtroom 3, with trial briefs due by November 9, 2015.

IT IS SO ORDERED.

DATED: April 6, 2015.

_____
UNITED STATES DISTRICT JUDGE