Erica L. Rosasco (SBN: 220836)
Gina L. Bauer (SBN: 271503)
**FLESHER McKAGUE LLP**
2202 Plaza Drive
Rocklin, CA 95765
Tele: (916) 358-9042
Fax: (916) 673-9672
elr@fbmllp.com; glb@fbmllp.com

Attorneys for Defendants
NYACO, LLC and NYACO, INC.

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT JOHNSON,<br><br>  Plaintiff,<br><br>  vs.<br><br>NYACO, LLC, a California Limited Liability Company; NYACO, INC., a California Corporation; and Does 1-10,<br><br>  Defendants. | No. 2:14-cv-00115-KJM-EFB<br><br>**STIPULATION FOR PROTECTIVE ORDER; PROTECTIVE ORDER**<br><br>Trial Date: August 31, 2015 |

**TO ALL INTERESTED PARTIES HEREIN AND THEIR ATTORNEYS OF RECORD:**

1. In connection with the discovery proceedings in this action, the parties may designate any document, thing, material, testimony or other information derived therefrom, as "Confidential" under the terms of this Stipulated Protective Order (hereinafter "Order"). Confidential information is information which has not been made public and which concerns or relates to the employment records, financial records, tax records, processes, operations, purchases, amount or source of any income, profits, losses, or expenditures of any persons, firm, partnership, corporation,

or other organization, the disclosure of which information may have the effect of invading the privacy or causing harm to the competitive position of the person, firm, partnership, corporation, or to the organization from which the information was obtained. In this case, the information sought to be used under this protective order concerns confidential tax records, bank statements and wage reporting records. This information needs to be protected as it contains information which could be used by a competitor to hurt Defendants (for example, financial stability of the company, vendors used, and prices paid for competitive goods, etc.) and confidential employee information. By designating a document, thing, material, testimony or other information derived therefrom as "confidential," under the terms of this order, the party making the designation is certifying to the court that there is a good faith basis both in law and in fact for the designation within the meaning of *Federal Rules of Civil Procedure, Rule 26*.

2. Confidential documents shall be so designated by stamping copies of the document produced to a party with the legend "CONFIDENTIAL." Stamping the legend "CONFIDENTIAL" on the cover of any multi-page document shall designate all pages of the document as confidential, unless otherwise indicated by the producing party.

3. Testimony taken at a deposition, conference, hearing or trial may be designated as confidential by making a statement to that effect on the record at the deposition or other proceeding. Arrangements shall be made with the court reporter taking and transcribing such proceeding to separately bind such portions of the transcript containing information designated as confidential, and to label such portions appropriately.

4. Material designated as confidential under this Order, the information contained therein, and any summaries, copies, abstracts, or other documents derived in whole or in part from material designated as confidential (hereinafter "Confidential Material") shall be used only for the purpose of the prosecution, defense, trial or

settlement of this action, and for no other purpose.

5. Confidential Material produced pursuant to this Order may be disclosed or made available only to the Court (hereinafter both trial and appellate courts), to counsel for a party (including the paralegal, clerical, and secretarial staff employed by such counsel), and to the "qualified persons" designated below:

    (a) a party, or an officer, director, or employee of a party deemed necessary by counsel to aid in the prosecution, defense, or settlement of this action;

    (b) experts or consultants (together with their clerical staff) retained by such counsel to assist in the prosecution, defense, or settlement of this action;

    (c) court reporter(s) employed in this action;

    (d) a witness at any deposition or other proceeding in this action;

    (e) any arbitrator or mediator including their personnel and office staff; and

    (f) any other person as to whom the parties in writing agree.

6. Prior to receiving any Confidential Material, each "qualified person" shall be provided with a copy of this Order and shall execute a nondisclosure agreement attached hereto as **Exhibit A.**

7. The parties may further designate certain discovery material or testimony of a highly confidential and/or proprietary nature as "CONFIDENTIAL—ATTORNEYS' EYES ONLY" (hereinafter "Attorneys' Eyes Only Material"), in the manner described in paragraphs 2 and 3 above. Attorneys' Eyes Only Material, and the information contained therein, shall be disclosed only to the Court, to counsel for the parties (including the paralegal, clerical, and secretarial staff employed by such counsel), and to the "qualified persons" listed in subparagraphs 5(b) through (g) above, but shall not be disclosed to a party, or to an officer, director or employee of a party, unless otherwise agreed or ordered. If disclosure of Attorneys' Eyes Only Material is made pursuant to this paragraph, all other provisions in this order with respect to confidentiality shall also apply.

///

8. Nothing herein shall impose any restrictions on the use or disclosure by a party of material obtained by such party independent of discovery in this action, whether or not such material is also obtained through discovery in this action, or from disclosing its own Confidential Material as it deems appropriate.

9. If Confidential Material, including any portion of a deposition transcript designated as Confidential or Attorneys' Eyes Only, is intended to be included in any papers to be filed in Court, such papers shall be labeled "Confidential—Subject to Court Order" and the party wishing to file the Confidential Material shall first bring a Motion to Seal pursuant to the requirements of Local Rule 141.

10. In the event that any Confidential Material is used in any court proceeding in this action, it shall not lose its confidential status through such use, and the party using such shall take all reasonable steps to maintain its confidentiality during such use.

11. This Order shall be without prejudice to the right of the parties (i) to bring before the Court at any time the question of whether any particular document or information is CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY, whether any particular document or information is confidential or whether its use should be restricted or (ii) to present a motion to the Court under *Federal Rules of Civil Procedure, Rule 26*, for a separate protective order as to any particular document or information, including restrictions differing from those as specified herein. This Order shall not be deemed to prejudice the parties in any way in any future application for modification of this Order. If a party believes that any Confidential Material does not contain confidential information, it may contest the applicability of this Order to such information by notifying the designating party's counsel in writing and identifying the information contested. The parties shall have thirty days after such notice to meet and confer and attempt to resolve the issue. If the dispute is not resolved within such period, the party seeking the protection shall have thirty additional days in which to make a motion for a protective order with

respect to contested information. Information that is subject to a dispute as to whether it is properly designated shall be treated as designated in accordance with the provisions of this Order until the Court issues a ruling.

12. Inadvertent failure to designate any material "Confidential" shall not constitute a waiver of an otherwise valid claim of confidentiality pursuant to this Order, so long as a claim of confidentiality is asserted within fifteen days after discovery of the inadvertent failure. At such time, arrangements shall be made by the parties to designate the material "Confidential" in accordance with this Order.

13. This Order is entered solely for the purpose of facilitating the exchange of documents and information between the parties to this action without involving the Court unnecessarily in the process. Nothing in this Order nor the production of any information or document under the terms of this Order nor any proceedings pursuant to this Order shall be deemed to have the effect of an admission or waiver by either party or of altering the confidentiality or non-confidentiality of any such document or information or altering any existing obligation of any party or the absence thereof.

14. This Order shall survive the final termination of this action, to the extent that the information contained in Confidential Material and/or Confidential-Attorneys' Eyes Only is not or does not become known to the public, and the Court shall retain jurisdiction to resolve any dispute concerning the use of information disclosed hereunder. Upon termination of this case, counsel for the parties shall assemble and return to each other all documents, materials and those portions of deposition transcripts designated as confidential and all copies of same, or shall certify the destruction thereof.

///
///
///
///
///

**IT IS SO STIPULATED.**

Dated: March 18, 2015                                    FLESHER MCKAGUE LLP


/s/ Erica L. Rosasco
Erica L. Rosasco
Gina Bauer
Attorneys for Defendants
NYACO, LLC and NYACO, INC.


Dated: March 18, 2015                                    CENTER FOR DISABILITY ACCESS

/s/ Isabel Rose Masanque
Isabel Rose Masanque
Attorney for Plaintiff
SCOTT JOHNSON

## ORDER

**Good cause appearing**, **IT IS SO ORDERED.**

DATED: April 8, 2015.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

# EXHIBIT A

# **EXHIBIT A**

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Confidentiality Agreement and Protective Order in Scott Johnson v NYACO, LLC and NYACO, Inc. et al. (USDC Eastern District of California Case No. 2:14-cv-00115-KJM-EFB). I agree to comply with and to be bound by all the terms of the Confidentiality Agreement and Protective Order.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Confidentiality Agreement and Protective Order to any person or entity except in strict compliance with the provisions of this Order.

Signature: _____