1

2

3

4

5

6

7

8                              UNITED STATES DISTRICT COURT

9                              EASTERN DISTRICT OF CALIFORNIA

10

11   SCOTT JOHNSON,                                No.: 2:14-cv-00115-KJM-EFB

12                   Plaintiff,

13          v.                                     ORDER

14   NYACO, LLC, et al.,

15                   Defendants.

16

17

18          This matter is before the court on defendants' request to seal.  ECF No. 53.

19   Plaintiff has filed neither an opposition nor a notice of non-opposition.  As explained below, the

20   court DENIES defendants' request.

21   I.     <u>DISCUSSION</u>

22          Defendants request that the court file tax records and employee wage information

23   under seal.  Defendants seek to file these documents with their opposition to plaintiff's motion for

24   summary judgment.  Defendants reasons that these documents contain confidential information

25   about Nyaco's financial position and stability and personal employee information.  Defendants

26   have supplied the court with redacted versions of the documents for *in camera* review.

27   /////

28   /////

                                                  1

1       A.      Standard

2               Local Rule 141(a) provides that "[d]ocuments may be sealed only by written order

3    of the Court, upon the showing required by applicable law."  The request to seal "shall set forth

4    the statutory or other authority for sealing, the requested duration, the identity, by name or

5    category, of persons to be permitted access to the documents, and all other relevant information."

6    *Id.* 141(b).  "[A] party may submit an opposition . . . within three days of the date of service . . . ."

7    *Id.* 141(c).  "The opposition shall not be filed . . . ."  *Id.*

8               It is an established principle that there is a strong presumption in favor of public

9    access to court records.  *See Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1210 (9th Cir. 2002).

10   However, "access to judicial records is not absolute."  *Kamakana v. City & Cnty. of Honolulu*,

11   447 F.3d 1172, 1178 (9th Cir. 2006).  In determining what standard to apply to requests to seal,

12   the Ninth Circuit distinguishes between non-dispositive and dispositive motions.  *Id.* at 1180.

13              To seal documents filed with a dispositive motion, a party "must meet the high

14   threshold of showing that 'compelling reasons' support secrecy."  *Id.*  That is, the party

15   requesting sealing "must articulate[] compelling reasons supported by specific factual findings

16   . . . that outweigh . . . public interest in understanding the judicial process."  *Id.* at 1178-79

17   (internal citation and quotation marks omitted).  "In general, 'compelling reasons' sufficient to

18   outweigh the public's interest in disclosure and justify sealing court records exist when such

19   'court files might become a vehicle for improper purposes,' such as the use of records to gratify

20   private spite, promote public scandal, circulate libelous statements, or release trade secrets."  *Id.*

21   at 1179 (quoting *Nixon v. Warner Communs., Inc.*, 435 U.S. 589, 589 (1978)).

22              On the other hand, a party requesting to seal a document filed with a non-

23   dispositive motion needs to demonstrate "good cause."  *Id.* at 1180.  This is because the public's

24   interest in non-dispositive materials is weaker than its interest in dispositive materials.  *Pintos v.*

25   *Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010).  To satisfy the "good cause" standard,

26   "the party seeking protection bears the burden of showing specific prejudice or harm will result

27   . . ." if the request to seal is denied.  *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307

28   F.3d 1206, 1210-11 (9th Cir. 2002).  "Broad allegations of harm, unsubstantiated by specific

2

1   examples or articulated reasoning" are insufficient. *Beckman Indus., Inc. v. Int'l Ins. Co.*,

2   966 F.2d 470, 476 (9th Cir. 1992) (quoting *Cipollone v. Liggett Grp., Inc.*, 785 F.2d 1108, 1121

3   (3d Cir. 1986)).

4         B.     <u>Analysis</u>

5         Here, because defendants seek to file the documents in connection with a

6   dispositive summary judgment motion, the court applies the compelling reasons standard. *See*

7   *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003) (noting "summary

8   judgment adjudicates substantive rights and serves as a substitute for trial" (internal quotation

9   marks omitted)). The court finds defendants may file these documents with redaction.

10        By statute, federal tax "[r]eturns and return information shall be confidential," and,

11  except under circumstances not relevant here, "no officer or employee of the United States . . .

12  shall disclose any return or return information . . . ." 26 U.S.C. § 6013(a). This statute "reflects

13  the strong public interest in safeguarding the confidentiality of tax return information" and

14  "prioritizes the confidentiality" thereof. *United States v. Tillman*, No. 07 Cr. 1209, 2009 WL

15  976818, at *3–4 (S.D.N.Y. Apr. 6, 2009). "[T]he presumption of public access to Court files is

16  [thus] outweighed by [a party]'s interest in privacy in his [or her] tax records." *Carbajal v.*

17  *Warner*, ___ F. App'x ___, 2014 WL 2110027, at *4 (10th Cir. 2014) (internal quotation marks

18  omitted); *cf.* Fed R. Civ. P 5.2(a)(1) (requiring redaction of all but final four digits of individual

19  taxpayer-identification number).

20        The documents defendants have submitted for *in camera* review have been heavily

21  redacted to omit sensitive information, and the court finds that these redactions sufficiently

22  address defendants' concerns. There is no compelling reason to seal, as opposed to redact, these

23  documents.

24  II.    <u>CONCLUSION</u>

25        The request to seal the documents is denied. The Clerk of the Court "will return to

26  the submitting party the documents for which sealing has been denied," L.R. 141(e)(1), and any

27  electronically transmitted documents are deemed returned, *United States v. Chanthaboury*, No.

28  2:12–cr–00188–GEB, 2013 WL 6404989, at *2 (E.D. Cal. Dec. 6, 2013). Defendants may file

the redacted version of the documents provided to the court *in camera*, with filing on the docket

within seven days of this order.[1]  In the alternative, defendants may re-file their oppositional

documents omitting the reference to these documents within seven days.

IT IS SO ORDERED.

DATED:  July 9, 2015.

_____
UNITED STATES DISTRICT JUDGE

---

[1] That said, in the redacted version of the documents, defendants did not redact the employee identification number or the listing of assets on pages 20 and 21.  Should defendants file a redacted version on the docket, these additional redactions may be made.